**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

Case No. 07-14063
Hon. Victoria A. Roberts

**Plaintiff,**

v.

**AMERICAN LASER CENTERS, LLC,
Defendant.**

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
AND ENTERING ORDER NUNC PRO TUNC**

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Relief from Facilitation Fees, filed May 1, 2008. Plaintiff asks the Court to excuse fees of $2,475.00 for a Court-ordered facilitation. Defendant filed a Response on May 15, 2008.

**II.   BACKGROUND**

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed suit against Defendant, American Laser Centers, LLC, under Title I of the Americans with Disabilities Act (ADA) of 1990 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices regarding one of Defendant's employees. The parties ultimately resolved the matter by consent decree. However, during the course of the litigation, the Court issued an Order requiring the parties to participate in facilitation with George

1

Bedrosian; the Order was silent on the issue of payment of fees and costs (Doc. #9). Neither party objected to the Order, and on March 5 and 6, 2008, they participated in facilitation with Mr. Bedrosian at the federal courthouse. Thereafter, Mr. Bedrosian submitted to the parties an itemized statement for services totaling $4,950.00; this fee was to be equally paid by the parties. Defendant paid its portion. However, Plaintiff did not pay and instead filed this Motion for Relief from Facilitation Fees. While Plaintiff objects to the award of any fee, it has not objected to the specific rate and hours set forth in Mr. Bedrosian's statement. Defendant opposes Plaintiff's Motion.

## III. CASE LAW AND ANALYSIS

The Supreme Court and all courts established by Congress have the power to prescribe rules for conducting their business. These rules must be "consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court." 28 U.S.C. § 2071. Pretrial mediation and other forms of alternative dispute resolution have been tried in a number of states and installed in the federal district courts as part of a United States Department of Justice experiment. *E.g., Rhea v. Massey-Ferguson, Inc.* 767 F.2d 266 (6th Cir. 1985) (per curiam); *Kimbrough v. Holiday Inn*, 478 F. Supp. 566 (E.D. Pa. 1979). The United States District Court for Michigan, Eastern Division, promulgated Local Rule 16.3 to govern mediation in this Court. It says:

> (a) Mediation under MCR 2.403. Michigan Court Rule 2.403, as amended from time to time, applies to civil cases that the court selects for mediation, subject to the provisions of this rule.
> (b) Excepted Cases. Cases in which the United States is a party are not subject to mediation.
> (c) Mediation Panel; Stipulation of the Parties.
> (1) Cases will be mediated by the Wayne County Mediation Tribunal Association or another Michigan state trial court mediation system *unless the court orders otherwise.* For cases mediated by the Wayne County

> Mediation Tribunal Association, the tribunal clerk is the mediation clerk. For all other cases, the parties may stipulate to or *the court may order the procedures that will apply. . .*
> (d) Actual Costs. Actual costs, including attorney fees, may be awarded under this rule where permitted by law or consent of the parties. U.S. Dist. Ct., E.D. Mi., R. 16.3. Emphasis added.

The Sixth Circuit held that mandatory mediation procedures do not violate a party's right to a jury trial, nor are they inconsistent with the federal rules in their encouragement of settlements. *Rhea* at 268-69. Rules imposing mandatory alternative dispute resolution have likewise been held to be a proper exercise of the court's power to manage its docket and promote economic use of judicial resources. *New England Merchants Nat'l Bank v. Hughes,* 556 F. Supp. 712 (E.D. Pa. 1983). Thus, it is clear this Court had the authority to order mandatory facilitation and to direct the applicable procedures. The Court's Order was consistent with the practice in this Court.

The case of *Bagsby v Gehres*, 195 F. Supp. 2d 957 (2002) ("rev'd in part on other grounds") is illustrative. There, the district court entered an initial order directing the parties to participate in facilitation, appointing a specific facilitator, and allocating the division of facilitation costs between the parties. The magistrate judge subsequently entered an order for payment of facilitative mediation fees that allocated costs in accordance with the prior order. The defendants challenged the payment order on jurisdictional grounds. Although the court ultimately dismissed one of the defendants for lack of jurisdiction, it found the remaining parties responsible for payment of facilitation fees and allocated the fees accordingly.

Despite the Court's apparent authority to order payment of facilitation fees, Plaintiff says it should be relieved from paying for five reasons: (1) Plaintiff is a federal

3

agency; (2) prior to the facilitation, the court-appointed mediator did not send the parties an engagement letter indicating the amount of his fees; (3) the facilitator acted as a court-appointed facilitator; (4) the facilitation occurred at the federal courthouse; and (5) the facilitator is a court ombudsman.  Plaintiff says as a federal agency, it is subject to the Federal Acquisition Regulation and specific EEOC Orders which dictate that government funds may not be used without ensuring that funds have been properly allocated and approved before an expenditure is incurred.  Because it did not receive prior notice and obtain prior approval for payment of the facilitation fees, Plaintiff says it cannot be required to pay those fees.

Defendant says both parties were aware the facilitator would be compensated because defense counsel advised plaintiff's counsel that consideration of such costs was a reason to engage in settlement discussions before the facilitation.  Moreover, Defendant says the facilitation lasted substantially longer than necessary, resulting in increased costs, because Plaintiff did not appear with all persons necessary to settle the case, as required by the Order.  Defendant also says Plaintiff increased its demand on the second day of facilitation after the parties had reached an agreeable settlement figure the day before.  Defendant says the facilitator should be fully compensated at his normal hourly rate, otherwise Plaintiff would be rewarded for its neglect and disregard of the Court's directive.  Defendant says the original order can be amended *nunc pro tunc* to provide for payment of the facilitator.

The Order entered by the Court says:

> "On Monday, January 7, 2008, the Court held a status conference. Attending were Nedra Campbell representing the Plaintiff and Tracy Leahy representing the Defendant.  Based on the discussion held, the following

4

> is ordered:
> 1. Plaintiff's deposition is to be completed by February 15, 2007.
> 2. The parties are ordered to facilitation with George J. Bedrosian. Mr Bedrosian will contact counsel directly to schedule a facilitation which is to occur shortly after the conclusion of the Plaintiff's deposition.
> 3. Counsel are to promptly notify the Court of the results of the facilitation. If the case does not settle, a Phase One Scheduling Order will enter.
> IT IS ORDERED. (Order, Doc. # 9)

The Order is silent on the issue of payment of fees. However, the Court clearly did not intend for Mr. Bedrosian, a private attorney appointed by the Court, to conduct a *gratis* facilitation. The Order's failure to allocate the payment of fees between the parties was an oversight by the Court which should be corrected.

Fed. R. Civ. P. 60 allows the Court to correct clerical mistakes. It says:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative . . . FRCP 60(a).

To that end, a court may enter a *nunc pro tunc* order to make corrections in its orders. The function of such an order is to supply an *omission in the record* of action previously taken by the court but not properly recorded." *Sleboede v. Sleboede*, 384 Mich. 555, 558-59, 184 N.W.2d 923 (1971) (emphasis in original). The purpose of a *nunc pro tunc* order is not to change or alter an order or judgment actually made. In other words, its function is not to make an order now for then, but to enter now for then an order previously made.'" *Id.* at 559 (quoting *Mathey v. Mathey*, 175 Kan. 446, 451, 264 P.2d 1058 (1953)). *Nunc pro tunc* "is merely descriptive of the inherent power of the court to make its records speak the truth -- to record that which was actually done, but omitted to be recorded." *Sleboede*, 384 Mich. at 559 n. 6 (quoting *W. F. Sebel Co. v. Hessee*, 214 F.2d 459, 462 (10th Cir. 1954)).

5

The Court will enter a *nunc pro tunc* order to correct what was certainly an oversight and omission in the order directing the parties to facilitation – that Mr. Bedrosian be paid for his services.

Plaintiff has not advanced any argument against the number of hours or the rate charged by Mr. Bedrosian, and both appear reasonable.

Plaintiff's primary objection is that it should not pay the fee because it is a federal agency. However, Plaintiff's suggestion that federal agencies cannot be ordered to pay fees or costs unless the funds are allocated beforehand lacks merit. See *Christianburg Garment Co. v EEOC*, 434 U.S. 412, 421 (1978)(A prevailing defendant may recover attorney's fees either under the Court's inherent equity power where the prosecution is in bad faith, or under 42 U.S.C. § 2000e-5(k) where the Court finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith). The power to assess or deny costs to parties in civil actions has generally been held to be a valid exercise of the court's inherent power to control the conduct of parties appearing before the court. *White v. Raymark Industries, Inc.,* 783 F.2d 1175 (4th Cir. 1986). Moreover, as with all parties who appear before the Court, the Court's facilitation procedure is meant to encourage active negotiation and settlement of disputes. This purpose is no less served with a federal agency.

Incidentally, Plaintiff suggests that it should not pay facilitation fees because Mr. Bedrosian acts as an Ombudsman for the Eastern District of Michigan. This argument is unavailing. As indicated on the Eastern District of Michigan website, Mr. Bedrosian functions in that capacity as an intermediary between judicial officers and the bar:

6

> Attorney George J. Bedrosian was appointed Court Ombudsman by Chief Judge Bernard A. Friedman on February 22, 2005. As Ombudsman, Mr. Bedrosian serves as an intermediary between judicial officers of the Eastern District of Michigan and the bar. He acts on an informal basis to interface and address those matters lacking an institutional mechanism or forum for redress. All contacts with Mr. Bedrosian remain confidential.
>
> http://www.mied.uscourts.gov/Information/Attorneys/

His status as the Court Ombudsman bears no relationship to his status as an appointed facilitator between parties with active cases pending before the Court. Accordingly, it is not a bar to payment to him for his facilitation services.

## IV. CONCLUSION

The Court **DENIES** Plaintiff's Motion. For the reasons stated above, the Court enters this as an Order *nunc pro tunc* correcting the January 8, 2008 Order to provide for equal division of facilitation fees between the parties.

Plaintiff is ordered to pay $2,475.00 to George Bedrosian within 30 days of this Order.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: October 1, 2008

7

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 1, 2008. |
|---|
| s/Carol A. Pinegar |
| Deputy Clerk |